**In re Frederick James CHEEK and Louetta Cheek, Debtors.**

**Bankruptcy No. BK–95–17221–LN.**

United States Bankruptcy Court, W.D. Oklahoma.

May 7, 1996.

John L. Simpson, Special Assistant United States Attorney, Oklahoma City, Oklahoma, for U.S.

Gregory W. Bond, Oklahoma City, Oklahoma, for Debtors.

### ORDER ON UNITED STATES OF AMER-ICA'S OBJECTION TO CONFIRMA-TION OF DEBTORS' AMENDED CHAPTER 13 PLAN

PAUL B. LINDSEY, Chief Judge.

Debtors commenced this case on November 29, 1995, by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[1] On December 14, 1995, debtors filed a Chapter 13 plan providing for monthly plan payments of $7,264.36 for a term of 57 months. Through the plan, the United States of America ("USA") would be paid its anticipated secured claim for unpaid taxes, in the amount of $37,792.46, through deferred cash payments with interest at 8% per annum.

On January 9, 1996, USA filed its proof of claim in the amount of $176,440.36 as a secured claim, and on January 25, 1996, USA filed its objection to confirmation of debtors' Chapter 13 plan.

In its objection to confirmation, USA argued that the proposed plan failed to provide for payment of its $176,440.36 secured claim in full, as is required by § 1325(a)(5)(B), and that it failed to provide for an appropriate rate of interest attributable to its secured claim. Specifically, USA objected to the proposed 8% rate of interest on its allowed secured claim on the basis that such rate is less than the interest rate provided by 26 U.S.C. § 6621(a)(2), which rate, at the time debtors commenced their bankruptcy case, was 9%.[2]

---

1. References herein to statutory provisions by section number only will be to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, unless the context requires otherwise.

2. Title 26 U.S.C. § 6621 *Determination of rate of interest* provides: (a)(2) *Underpayment rate.*—The underpayment rate established under this section shall be the sum of (A) the Federal short-term rate determined under subsection (b), plus (B) 3 percentage points.

On March 11, 1996, debtors filed an amended Chapter 13 plan, increasing the monthly plan payment to $7,733.12, and proposing to pay USA's filed proof of claim in full by deferred payment with interest at 7% APR.

On March 26, 1996, USA and debtor filed briefs in support of their respective positions as to their only remaining dispute, the appropriate rate of interest to be applied during the pendency of the bankruptcy case on account of USA's allowed secured claim.

At the conclusion of the hearing on confirmation of debtors' amended Chapter 13 plan, held April 3, 1996, this court continued the hearing until May 21, 1996, in order to allow debtors additional time to resolve other objections to confirmation, and to provide the Court an opportunity to review in depth the issue raised concerning the appropriate rate of interest.

## THE ARGUMENTS

In its brief, USA urges that in the absence of any evidence of a prevailing market rate of interest for similar loans, the rate of interest provided by 26 U.S.C. § 6621(a)(2), in effect at the time the bankruptcy case is commenced, should be the presumptive rate of interest to be applied on account of allowed secured federal tax claims to be paid under a Chapter 13 plan.

Debtors assert, however, that a mechanical application of the interest rate provided by 26 U.S.C. § 6621(a)(2) to all allowed secured federal tax claims which are proposed to be paid in a Chapter 13 plan ignores considerations for the quality of the security, the risk of default, and other factors which are pertinent when determining a market rate of interest. Debtors therefore urge the court to determine an applicable rate of interest utilizing a market rate approach.

## DISCUSSION

Section 1325(a)(5) provides that the court shall confirm a plan if, with respect to allowed secured claims provided for in a proposed Chapter 13 plan: (A) the holder of such claim has accepted the plan; (B)(I) the plan provides that the holder of such claim retains the lien securing such claim, and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or (C) the debtor surrenders the property securing such claim to such holder.

In this matter, debtors' amended Chapter 13 plan does not propose to surrender to USA the property subject to its tax lien, and USA does not consent to the proposed treatment of its claim under the plan, as is evidenced by its objection. The plan, therefore, must comply with § 1325(a)(5)(B), and provide for the payment of interest on the claim such that the current value of the deferred payments is at least equal to the allowed amount of the claim.

█ In this jurisdiction, when a bankruptcy court is required to determine an appropriate rate of interest to be paid to a holder of an allowed secured claim under a plan of reorganization, the appropriate standard is the market rate of interest. *Hardzog v. Federal Land Bank of Wichita (In re Hardzog)*, 901 F.2d 858 (10th Cir.1990).

In *In re Smith*, 192 B.R. 563 (Bankr. W.D.Okla.1996), this court recently adopted the practice and procedures set out in *General Motors Acceptance Corp. v. Jones*, 999 F.2d 63 (3rd Cir.1993) as the proper approach for determining the appropriate market rate of interest to be paid to holders of allowed claims secured by motor vehicles. The *Jones* court held that the appropriate rate of interest for purposes of § 1325(a)(5)(B)(ii) should be equal to the interest rate charged by the particular claimant for similar loans in the region, at the effective date of the plan, and that the rate of interest provided by the underlying contract should be the presumptive rate of interest in the absence of evidence of a different current market rate. *Jones*, 999 F.2d at 70. In *Smith*, this court found that using the contract rate of interest as the starting point in the determination of a market rate of interest for purposes of § 1325(a)(5)(B)(ii) was consistent with *Hardzog*.

█ Although the creditor in the instant matter, USA, is not a holder of a claim

secured by a motor vehicle, this court is of the view that the approach adopted in *Smith* for determining the market rate of interest to be paid pursuant to § 1325(a)(5)(B) is appropriate in this case, with a minor modification.

Since in these circumstances there is no underlying agreement providing a contract rate of interest to serve as the presumptive market rate, unlike the situation in *Smith* or *Jones,* USA suggests that the court adopt a rebuttable presumption that the interest rate provided by 26 U.S.C. § 6621(a)(2) in effect at the time the case is commenced is the appropriate rate in instances where secured claims for unpaid federal taxes are being paid through a Chapter 13 plan.

Debtors point out, however, that 26 U.S.C. § 6621(a)(2) does not provide any distinction between a liability that is wholly secured from a liability that is wholly unsecured. The thrust of debtors' objection is that the "mechanical" application of the interest rate provided by 26 U.S.C. § 6621(a)(2), without regard to various other factors, may yield inconsistent and inequitable results. Debtors' concern may be allayed by adopting the presumption urged by USA, subject to rebuttal in a proper case.

This court is of the view that utilizing the interest rate provided by 26 U.S.C. § 6621(a)(2) as the starting point, i.e. as the presumptive market rate of interest in cases such as this, subject to rebuttal, is consistent with the holding in *Hardzog.* Such an approach would permit debtors to offer evidence that a loan could be obtained at a lesser rate from another source in the region, the proceeds of which could be employed to pay the claim of USA. The rate provided by 26 U.S.C. § 6621(a)(2), of course, would be the "ceiling." [3]

■ With respect to USA's argument that the presumptive interest rate of 9%, the rate provided by 26 U.S.C. § 6621(a)(2) as of the commencement of the case, should be applied in this matter, the court notes that

§ 1325(a)(5)(B)(ii) only requires that the plan propose to pay to the holder of an allowed secured claim the value of its claim as of the effective date of the plan. This court is advised that the presumptive interest rate, as of this date, is 8% per annum.

## DECISION

■ In the instant matter, debtors have not offered any proof that the "coerced loan" which USA is forced to make could be obtained with the same security through another lender in the region's open market at a lesser rate of interest. In the absence of such evidence, the rate of interest provided by 26 U.S.C. § 6621(a)(2), determined as of the effective date of the plan, should be applied as the market rate of interest. USA's objection to confirmation therefore will be sustained, since the plan provides for payment of interest under § 1325(a)(5)(B)(ii) at a rate less than the presumptive rate.

IT IS SO ORDERED.

---

3. It is noted that the *Jones* court declined to hold the contract rate to be the "ceiling." *Jones,* 999 F.2d at 71 n. 11. The *Hardzog* court, however, indicated that such might be appropriate. *Hardzog,* 901 F.2d at 860. In this situation, however,

USA would not be entitled to a rate of interest higher than that provided by 26 U.S.C. § 6621(a)(2) under any circumstances, irrespective of the then current market rate.